IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-3-H
No. 5:16-CV-46-H

LAWRENCE WILDER,
    Petitioner,

v.

                                **ORDER**

UNITED STATES OF AMERICA,
    Respondent.

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. [D.E. #81]. Petitioner has filed a response, and this matter is ripe for adjudication.

## BACKGROUND

On February 8, 2012, petitioner pled guilty, pursuant to a written plea agreement, to threatening to assault and murder an official in violation of 18 U.S.C. § 115(a)(1)(B). On April 10, 2012, petitioner was sentenced to a term of imprisonment of 18 months and three years of supervised release. Petitioner was released from custody in due course to begin his term of supervised release. On November 13, 2013, petitioner's term of supervised release was revoked, and he was sentenced to a term of imprisonment of six months without a subsequent term of

supervised release. Petitioner was released from custody on January 27, 2014.

On January 25, 2016, petitioner filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. [D.E. #76]. Petitioner filed a supplement to this motion on February 29, 2016. [D.E. #80]. In his motion to vacate, petitioner asserts he is confined at "USCA for the 4th Circuit 100000 Restitution Debtors Prison Sup Prob." [D.E. #76 at 1]. Petitioner alleges multiple claims arising from his conviction in United States v. Wilder, No. 5:12-CR-3-H (E.D.N.C.). The government has filed a motion to dismiss for lack of subject matter jurisdiction.

## DISCUSSION

### I. Motion to Vacate Under 28 U.S.C. § 2255

Federal district courts have jurisdiction over petitions under 28 U.S.C. § 2255 when the petitioner is a "prisoner in custody under sentence of a court..." 28 U.S.C. § 2255(a). "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492 (1989).

In the instant case, petitioner's custodial sentence expired January 27, 2014, when he was released from confinement and was no longer subject to any term of supervised release.

2

While petitioner alleges that at the time he filed his motion to vacate he was held in confinement at "USCA for the 4th Circuit 100000 Restitution Debtors Prison Sup Prob[,]" the court may take judicial notice of the non-existence of a federal facility. See Fed.R.Evid. 201(a), (b)(1) and (2). No such federal facility named "USCA for the 4th Circuit 100000 Restitution Debtors Prison Sup Prob" exists; therefore, petitioner has failed to show he is a "prisoner in custody under sentence of a court" and that this court has subject matter jurisdiction over his claims.

Finding petitioner has alleged an insufficient basis for this court's exercise of subject matter jurisdiction, the government's motion to dismiss on that basis, [D.E. #81], is GRANTED.

**II. Motion to Amend Rule 59 and Rule 60, Appoint Effective Counsel, and Change Venue**

For insufficient cause shown, petitioner's Motion to Amend Rule 59 and Rule 60, Appoint Effective Counsel, and Change Venue, [D.E. #74], is DENIED.

**III. Motion to Appoint Counsel**

Because this court lacks subject matter jurisdiction, petitioner's motion to appoint counsel, [D.E. #87], is DENIED AS MOOT.

3

### IV. Motion for Recusal

As to petitioner's motion for recusal, the court has no bias or prejudice against petitioner and finds no reason for recusal. Petitioner's Motion for Recusal, [D.E. #87], is therefore DENIED.

### CONCLUSION

For the foregoing reasons and for reasons more fully set forth in the government's Memorandum in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction, the government's Motion to Dismiss, [D.E. #81], is GRANTED, and petitioner's Motion to Vacate under 28 U.S.C. § 2255, [D.E. #76 and #80], is DISMISSED.

Further, petitioner's Motions to Amend Rule 59 and Rule 60, Appoint Effective Counsel, and Change Venue, [D.E. #74], and for Recusal, [D.E. #87], are DENIED. Petitioner's Motion to Appoint Counsel, [D.E. #87], is DENIED AS MOOT.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v.

4

Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist could not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED. The clerk is directed to close this case.

This 18th day of May 2016.

*/s/ Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

5

Case 5:12-cr-00003-H   Document 88   Filed 05/19/16   Page 5 of 5