IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:12-CR-00003-M-1

UNITED STATES OF AMERICA,  )
               Plaintiff,  )
                             )
v.                               )      **ORDER**
                             )
LAWRENCE WILDER,  )
               Defendant.  )

This matter is before the court on pro se Defendant's motions at Docket Entries 118, 123, and 124.

    I.     Abbreviated Factual and Procedural Background

On April 10, 2012, Defendant Lawrence Wilder was sentenced to eighteen months' imprisonment, and three years on supervised release post imprisonment, for threatening to assault and murder an official, in violation of Title 18, United States Code, Section 115(a)(1)(B). Judgment at 1-2, DE-34.[1] Wilder's criminal conduct stemmed from the denial of his appeal to the United States Merit Systems Protection Board ("MSPB") to remove him from disability status and reinstate him to his former position with the United States Department of Health and Human Services. *See generally* Presentence Investigation Report ("PSR") ¶¶ 3-7, DE-30 (detailing the offense conduct).

On November 13, 2013, after Wilder's release from prison but during his period of supervised release, he was brought before the court on a motion for revocation of supervised

---

[1] Wilder was also ordered to pay over ninety-one thousand dollars in restitution, DE-34 at 5, representing the cost of enhanced security measures put in place at several office locations and a Judge's home, in response to Wilder's threats. Presentence Investigation Report ¶¶ 8, 63-64, DE-30.

release. Motion, DE-37; Minute Entry for Revocation Hearing, DE-50. Wilder was ordered to an additional term of six months' imprisonment after the court found that he had violated the following terms of his Judgment:

> 1. The defendant shall have no contact, whether in-person, by telephone, mail, electronic mail, or by other means with any employee of the MSPB, except that the defendant may send request to file a pleading or communicate with the MSPB in accordance with the instructions issued by the MSPB Clerk of the Board in a letter to the defendant dated August 31, 2010.
> 2. Failure to participate as directed by the probation officer in a mental health program.
> 3. Failure to pay a monetary obligation.

Judgment, DE-51.

A review of this case's docket reveals that in the years following his release from prison in 2013, Wilder has filed several pro se motions requesting various relief and subsequent appeals to the Fourth Circuit.[2] At the direction of the court, this matter was reassigned to the undersigned on April 29, 2021. One motion [DE-118] was pending at the time of reassignment and two more were subsequently filed [DE-123 and DE-124]. The Government did not provide a written response to the motions. All three motions are ripe for ruling.

---

[2] The PSR details Wilder's history of filing complaints in federal court. DE-30 ¶ 40 ("Between 1997 and 2011, Wilder filed 86 civil complaints in U.S. District Court in multiple districts including the District of Maryland, the District of Columbia, the Eastern District of North Carolina, the Middle District of North Carolina, the District of New Jersey, the Western District of Virginia, the Southern District of New York, the Western District of Pennsylvania, the Middle District of Pennsylvania, the Central District of California, and the Eastern District of Tennessee as well as the U.S. Court of Federal Claims."). Wilder has one pending civil case in this district, before the undersigned, which names the following as defendants: Pender County NC Court; Attorney General of North Carolina; New Hanover NC Prosecutor; Pender County NC Prosecutor; Bivens v Unknown Federal Agents; US Department of Justice; Owner of 1002 Unit 1 Grace Street Wilmington NC 28401; Federal Agent in 300 Block N 13th Street Wilmington, NC 28401; Pender County Public Defenders Office; New Hanover County Public Defenders Office; Mark Zieberth, ICE Agent; Judge Malcolm Jones Howard; Judge Louise Flanagan; Judge Norman Moon, Federal Judge of Virginia and District of Columbia; Judge James Parker Jones; Judge James Gates; Judge Emmett Sullivan; Judge Douglas Ginsberg; Judge Diane Motz; Judge Frederick Motz; Judge Roger Gregory; Judge Legrome Davis; Judge Ronald Weiss; Judge Richard Nygaard; Judge Julio Fuentes; Judge Morton Greenberg; James Wilder; Rose Wilder; and North Carolina State Troopers. *Wilder v. Pender Cnty. NC Court et al.*, No. 7:21-CV-00045-M (E.D.N.C.).

II. Pro Se Defendant Must Comply with Procedural Rules & Substantive Law

A criminal defendant who elects to represent himself must comply with both procedural rules and substantive law. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). At a most basic level, a party applying to the court for an order must state the grounds on which such a request is based. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based and the relief or order sought.").

Pro se petitions are to be given a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 ("[T]he allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers."); *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (discussing the solicitude afforded to civil rights plaintiff appearing pro se). However, it is not the role of the court to assume the position of stand-in counsel for anyone who elects to represent himself in court. Neither is it the role of the court to make assumptions or read between the lines of sparse, factually, and legally insufficient motions.

III. Motion at Docket Entry 118

This motion is styled "Motion to Withdraw Guilty Plea Because of Misconduct, Motion to Recuse Federal Judge Malcolm Jones Howard and James P Jones, Motion to Appoint Effective Counsel, and Motion to Respect Brady v Maryland Motion filed in 2013." The basis for the motion is difficult to decipher and understand. It consists of a single page of names and words in capital

3

letters with little punctuation. By way of example, the following is the introductory paragraph of the motion:

> PRESIDENT GEORGE H W BUSH DAUGHTER ROBIN BIDEN DAUGHTER NAOMI CIA WRIT OF HABEAS CORPUS TO THE FEDERAL SECRET COURT RELEASING ME JOHNS HOPKINS UNIVERSITY GRADUATE WHITING SCHOOL BLUE JAY 8/1/2011 MY BIRTHDAY, SECRETARY OF STATE LAWRENCE SIDNEY EAGLEBERGER BIRTHDAY, AND US ATTORNEY GENERAL JANET RENO RULES GOVERNING PETITIONS FOR EXECUTIVE CLEMENCY 8/1/2000 FROM THE FEDERAL BUREAU OF PRISONS BYBEE TORTURE MEMO SECRETARY OF STATE CONDELEZZA RICE SECRETARY OF STATE HILLARY CLINTON LEON PANETTA DICK CHANEY ERIC HOLDER ROD ROSENSTEIN TORTURE

The motion is both factually and legally insufficient and therefore the motion, despite being liberally construed, provides no valid basis for granting it. The motion at Docket Entry 118 is DENIED without prejudice.

    IV.    Motion at Docket Entry 123

This motion is styled "Motion to Return Federal Seizure Property, Excessive Fine, etc Before and After 8/1/2011." The motion consists of two pages followed by approximately fifty-five pages of attachments. The basis for the motion is difficult to decipher and understand. It is not clear to the court what property Wilder seeks returned. It consists of two pages of names and words in capital letters with little punctuation. By way of example, the following is an excerpt from page two of the motion:

> FEDERAL PUBLIC DEFENDER EASTERN DISTRICT OF PENNSYLVANIA CAUCASIAN BLACK PANTHER FELICIA SARNER TORTURES ME AFTER REQUESTING TRANSFER OF CASE TO NEW YORK FEDERAL COURT WITH DR ANDREA BOARDMAN THOMAS MALE AND FEMALE CORRECTIONS OFFICERS, NOTIFIES ME NO FEDERAL JUDGE IN PENNSYLVANIA AFFORDS ME A FAIR TRIAL, FORCES ME TO TRANSFER MY CASE TO NORTH CAROLINA THEN COMMUTES BLACK PANTHER MUMIA ADU JAMAL STATE DEATH SENTENCE.

The motion is both factually and legally insufficient and therefore the motion, despite being liberally construed, provides no valid basis for granting it. The motion at Docket Entry 123 is DENIED without prejudice.

V.     Motion at Docket Entry 124

This motion is styled "MOTION FOR APPOINTMENT OF EFFECTIVE COUNSEL STRICKLAND V WASHINGTON DOUGLAS V CALIFORNIA." The motion is three pages long followed by approximately sixteen pages of supporting material consisting of case names, summaries, and excerpts of court holdings, followed by several attachments that appear to be related to Wilder's dispute with the MSPB that prompted his offense conduct resulting in Wilder's 2012 criminal conviction. This motion follows the format of the other two presently before this court. The basis for this motion is difficult to decipher and understand. Furthermore, Wilder's criminal case has concluded; he has served his term of imprisonment, followed by his term of supervised release following imprisonment, which was ultimately revoked in November 2013. It is unclear to the court what Wilder's basis is for seeking counsel at this juncture. *See Gideon v. Wainwright*, 372 U.S. 335 (1963) (holding that the Sixth Amendment grants an indigent defendant the right to state-appointed counsel in a criminal case); *Turner v. Rogers*, 564 U.S. 431 (2011) (discussing that the Due Process Clause may require the provision of counsel in civil proceedings where there is the possibility of incarceration); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (noting courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases.").

The motion is both factually and legally insufficient and therefore the motion, despite being liberally construed, provides no valid basis for granting it. The motion at Docket Entry 124 is DENIED without prejudice.

SO ORDERED this the 22d day of June, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE