IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:12-CR-00003-M

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAWRENCE WILDER | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's pro se motion [DE 132]. Defendant asks the court to reconsider his motion for relief from the court's restitution order. *See* DE 132 at 1. He claims the court failed to "liberally construe" his motion because "petitioner didn't state the place of confinement." *Id.* at 1–2.[1]

A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (1978). "Principles requiring generous construction of pro se complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to "conjure up questions never squarely

---

[1] The remainder of the motion is difficult to follow, and when legible, simply fantastical. For example, he alleges that a doctor "began torture" such as "walking the plank" when he suggested that his case be transferred to the Southern District of New York, and that "petitioner was President George H.W. Bush Hollywood Billy Wilder." *See, e.g.*, DE 132 at 4, 5. The court need not address these points and denies those portions without prejudice. *See Beaudett*, 775 F.2d at 1278 ("Where the context, as here, makes clear a litigant's essential grievance, the complainant's additional invocation of general legal principles need not detour the district court from resolving that which the litigant himself has shown to be his real concern.").

presented to them" or "anticipate all arguments that clever counsel may present." *Id.* In other words, this court cannot transform "its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even if the court had liberally construed the motion as asserting his place of confinement, Defendant cannot state a valid claim to habeas relief under § 2255 or § 2241. *See United States v. Mayhew*, 995 F.3d 171, 183 (4th Cir. 2021) ("[W]e join the virtual consensus in the federal circuits, echoed by the district court, and hold that by its plain terms [28 U.S.C. ]§ 2255 provides no avenue to challenge a restitution order."); *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (distinguishing a cognizable challenge to the execution of a restitution order in a § 2241 petition from a challenge to the validity of the order that was not cognizable under § 2241). Identifying other grounds upon which Defendant could seek to vacate the restitution order would transform this court into "an advocate seeking out the strongest arguments and most successful strategies." *See Beaudett*, 775 F.2d at 1278. Accordingly, the motion is DENIED.

SO ORDERED this 9th day of May, 2024.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE