IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:12-CR-00003-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAWRENCE WILDER | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's pro se motion seeking to appeal his original judgment [DE 133, 136]. Between both motions, he provides numerous reasons why he seeks to reopen the appeal deadline. For example, he alleges he was involuntarily medicated during pretrial detention in violation of his constitutional and civil rights. DE 133 at 1–2. Defense counsel allegedly failed to appeal that decision as well as his judgment. *Id.* at 3. He thus seeks to "file[] notice of appeal of [the] judgment after [defense counsel] failed to file appeal" on his behalf. *Id.* at 1. He provides the same basis in his later motion and asserts additional grounds for relief. *See, e.g.*, DE 136 at 1, 5 (alleging errors of the court, prosecutorial misconduct, ineffective assistance of counsel, and more).

Considering the language of the instant motions and the broad nature of the allegations supporting relief, the court liberally construes the motions as motions to reopen the appeal deadline for his judgment. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (1978); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The court entered its judgment in this case on April 10, 2012. DE 34. Through counsel, Defendant received notice of the judgment when it was entered on the docket. *See id.* Moreover, Defendant has appealed several orders from this court as early as November 13, 2013. *See* DE 52 (appealing order to show cause); DE 98 (appealing order denying motion to vacate); DE 110 (appealing order denying various motions); DE 119 (appealing order denying motion for reconsideration and to withdraw guilty plea). Defendant has had ample opportunity to receive notice of the judgment in this case. Furthermore, more than 180 days have passed since the judgment was entered. Thus, the time to file the instant motions has long expired. Pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, the court DENIES the motions [DE 133, 136].

SO ORDERED this 9th day of May, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE