IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:12-cr-00003-M

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LAWRENCE WILDER,<br><br>    Defendant. | ORDER |

This matter comes before the court on Defendant's pro se motions. [DE 150, 157]. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by trained lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (1978). This principle, however, is not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to "conjure up questions never squarely presented to them" or "construct full blown claims from sentence fragments." *Id.*

Even construing the motion at [DE 150] liberally, the court is unable to identify a cause of action or request for relief. The motion references a "Motion to Change Venue," "Notice of Appeal," "Motion for Hearing," "recusal," "Motion for Appointment of Counsel," and "Notice to Reinstate Appeal," but beyond their initial invocation, Defendant provides no further details as to what specific action is he challenging or how he would like his case to proceed. *Id.* at 1–2. He provides a quotation from *Strickler v. Greene*, 527 U.S. 263, 289 (1999), but he does not allege any facts that would give rise to a Brady claim. It is not the role of this court to "seek[] out the

strongest arguments" on Defendant's behalf. *Beaudett*, 775 F.2d at 1278. He presented no argument, and the court will not manufacture one. The motion is DENIED.

The motion at [DE 157] suffers from many of the same deficiencies. It is styled as a motion for a hearing, but Defendant instead lists a myriad of different motions, causes of action, and case names. His principal complaint seems to concern his belief that the government fabricated evidence against him using artificial intelligence. *Id.* at 4. He again cites to *Strickler* and references *Brady*, but he does not proffer any factual underpinnings relating to such a claim or suggest that the information he now has was withheld from him by the government during his prosecution. *See United States v. Briscoe*, 101 F.4th 282, 297 (4th Cir. 2024) ("To establish a Brady violation, a defendant must prove that the evidence at issue was . . . within the prosecution's possession but not disclosed to the defendant.) (cleaned up). Accordingly, the motion is DENIED.

SO ORDERED this 7th day of November, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE