IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:12-cr-00003-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| LAWRENCE WILDER, | |
| Defendant. | |

This matter comes before the court on Defendant's pro se motion. DE 163. He raises a myriad of complaints concerning his underlying conviction, all of which have been repeatedly raised and disposed of over the past decade. *See* DE 69, 85, 88, 94, 109, 117, 131, 148–49, 158, 161. Defendant's core grievance concerns the court's restitution order, which he has sought relief from previously, both in this case and in a separate habeas action. DE 130; 5:22-HC-02001-M, at DE 4. As the court has already explained, "[c]hallenges to restitution orders should generally be raised on direct appeal." DE 131 at 3. The court's judgment in this case was entered on April 10, 2012. DE 34. Defendant did not file a notice of appeal then, and as more than 180 days have passed since the entry of judgment, the court is no longer authorized to reopen the time to file an appeal. *See* Fed. R. App. P. 4(a)(6).

None of Defendant's remaining allegations contain sufficient factual or legal specificity to warrant further discussion. Though a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by trained lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (1978), district courts are

not required to "conjure up questions never squarely presented to them" or "construct full blown claims from sentence fragments." *Id.*

For these reasons, Defendant's pro se motion [DE 163] is DENIED.

SO ORDERED this 16th day of July, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE